UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

HECTOR GONZALEZ,

Defendant.

**ORDER**

11 Cr. 718 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Defendant Hector Gonzalez was arrested and detained in August 2011 after an investigation by the Drug Enforcement Administration ("DEA") revealed that he had provided a co-conspirator with a kilogram of heroin. (Presentence Investigation Report ("PSR") (Dkt. No. 44) ¶¶ 6-13; Sentencing Tr. (Dkt. No. 54) at 8)  Gonzalez was released on bail, and fled to the Dominican Republic in November 2011. (PSR (Dkt. No. 44) ¶ 14; Sentencing Tr. (Dkt. No. 54) at 8)  He was arrested in the Dominican Republic and extradited to the United States on July 5, 2013. (PSR (Dkt. No. 44) ¶ 15; Sentencing Tr. (Dkt. No. 54) at 8)

On December 30, 2013, Gonzalez pled guilty to conspiracy to distribute and possess with intent to distribute a kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (Plea Tr. (Dkt. No. 30) at 15)  On August 25, 2015, this Court sentenced Gonzalez to ten years' imprisonment and five years' supervised release. (Judgment (Dkt. No. 53); Sentencing Tr. (Dkt. No. 54) at 10)  Gonzalez is currently serving his sentence at Rivers Correctional Institution ("CI Rivers"), a private correctional facility in North Carolina that is under contract with the Federal Bureau of Prisons ("BOP"). (Dec. 4, 2020 Govt. Ltr. (Dkt. No. 60) at 2)  His projected release date is January 17, 2022. (Id.)

On October 15, 2020, Gonzalez filed a pro se motion for compassionate release pursuant to 18 U.S. C. § 3582(c), contending that because he suffers from diabetes, asymptomatic aortic root aneurysm, and high blood pressure, he is especially vulnerable to the COVID-19 virus. (Def. Mot. (Dkt. No. 56) at 1, 10)

The Government initially opposed Gonzalez's motion on the ground that he had not exhausted his administrative remedies. (See Dec. 4, 2020 Govt. Ltr. (Dkt. No. 60) at 4-7) While the Government now concedes that Gonzalez has in fact exhausted his administrative remedies (see Jan. 28, 2021 Govt. Ltr. (Dkt. No. 65)), the Government opposes Gonzalez's motion, arguing that the Section 3553(a) factors weigh against a sentence reduction. (Dec. 4, 2020 Govt. Ltr. (Dkt. No. 60) at 8)

For the reasons stated below, Gonzalez's application for compassionate release will be granted.

## DISCUSSION

### I. LEGAL STANDARD

The compassionate release statute – 18 U.S.C. § 3582(c)(1)(A) – provides that a court may

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . , reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).

A court considering an application for compassionate release must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a); determine whether there are "extraordinary

2

and compelling reasons [that] warrant such a reduction"; and consider whether a sentencing "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  (Id.)

## II.     ANALYSIS

### A.     Exhaustion of Administrative Remedies

Gonzalez submitted a request for compassionate release to the CI Rivers Facility Administrator on July 22, 2021.  (Jan. 9, 2021 Def. Ltr. (Dkt. No. 63))  His application was denied on August 7, 2020.[1]  (Jan. 28, 2021 Govt. Ltr., Ex. A (Dkt. No. 65-1))  The Government concedes that Gonzalez has exhausted his administrative remedies.  (Jan. 28, 2021 Govt. Ltr. (Dkt. No. 65))  The Court concludes that Gonzalez has satisfied the exhaustion requirement.  See 18 U.S.C. § 3582(c)(1)(A).

### B.     "Extraordinary and Compelling Reasons"

Congress tasked the Sentencing Commission with providing guidance to courts regarding the application of the compassionate release statute.  See 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. . . ."); see also United States v. Hernandez, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020); United States v. Ebbers, 432 F. Supp. 3d 421, 427-28 (S.D.N.Y. 2020).  The Commission's policy statement and commentary concerning § 3582(c)(1)(A) are found in U.S. Sentencing Guideline § 1B1.13, which states that a court may reduce a sentence for

---

[1] Although CI Rivers is privately-operated pursuant to a contract with BOP, the Government has represented that the administrative remedy process at CI Rivers is substantially the same as in any BOP-operated facility.  (See Jan. 15, 2021 Govt. Ltr. (Dkt. No. 62) at 3-4)

"extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)(ii). Section 1B1.13 also states that a defendant applying for compassionate release must not present a danger to the community. Id. § 1B1.13(2).

The Second Circuit has recently clarified, however, that Section 1B1.13 applies "only to those motions that the BOP has made" on behalf of inmates, and is "not 'applicable' to compassionate release motions brought by defendants[.]" United States v. Brooker, 976 F.3d 228, 235-36 (2d Cir. 2020) (citing U.S.S.G. § 1B1.13). As a result, "[n]either the Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion" in deciding a defendant's compassionate release motion. Id. at 236. Courts may "look[] to § 1B1.13 for guidance in the exercise of [their] discretion, but [are] free to consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.'" United States v. Rodriguez, 16-cr-07 (AJN), 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020) (quoting Brooker, 976 F.3d at 237))

Gonzalez asserts that he suffers from diabetes, asymptomatic aortic root aneurysm – a condition associated with atherosclerosis – and high blood pressure, and is thus at higher risk for severe illness were he to become infected with the COVID-19 virus. (Def. Mot. (Dkt. No. 56) at 9-10) The Government states that "[a] review of the defendant's BOP medical records confirms that the defendant suffers from Type 2 diabetes mellitus, asymptomatic aortic root aneurysm (thoracic), and high blood pressure/hypertension, and also obesity and mild emphysema." (Dec. 4, 2020 Govt. Ltr. (Dkt. No. 60) at 2-3) According to the Centers for

4

Disease Control and Prevention, those who suffer from Type 2 diabetes, heart conditions, high blood pressure, and obesity are at increased risk of severe illness from the COVID-19 virus. See People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL AND PREVENTION: COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021).

The Government concedes (Dec. 4, 2020 Govt. Ltr. (Dkt. No. 60) at 7) – and this Court finds – that Gonzalez's medical conditions constitute "extraordinary and compelling reasons" warranting a reduction in sentence. See United States v. Molina Acevedo, 18 Cr. 365 (LGS), 2020 WL 3182770, at *3 (S.D.N.Y. June 15, 2020) (finding "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) where defendant suffered from diabetes, hypertension, and coronary heart disease); United States v. Valencia, 15 Cr. 163 (AT), 2020 WL 2319323, at *1, 6-7 (S.D.N.Y. May 11, 2020) (finding "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) where defendant had heart disease, high blood pressure, epileptic seizures, and anxiety); United States v. Daugerdas, 09cr581, 2020 WL 2097653, at *3 (S.D.N.Y. May 1, 2020) (finding "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) where defendant suffered from Type 2 diabetes, obesity, hypertension, and high cholesterol); United States v. Zuckerman, 451 F. Supp. 3d 329, 333-34 (S.D.N.Y. Apr. 3, 2020) (finding "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) where defendant suffered from diabetes, hypertension, and obesity).

    C.    **Section 3553(a) Factors**

Analysis of the Section 3553(a) factors here supports the Defendant's application for compassionate release. Gonzalez has served nearly 96 months in custody, and he is due for release in less than a year. (Dec. 4, 2020 Govt. Ltr. (Dkt. No. 60) at 2) The prison time the

Defendant has already served is sufficient to serve the sentencing goals of specific and general deterrence. Moreover, although Gonzalez's crime involved a significant amount of heroin, he has no criminal record and is not alleged to have committed any act of violence. Finally, as a citizen of the Dominican Republic, Gonzalez will likely be deported after he is released from BOP custody.[2] Given these circumstances, the Court concludes that Gonzalez does not present a danger to the community, and that the risk to Gonzalez presented by the COVID-19 virus far outweighs any value to society by incarcerating him for an additional number of months. Accordingly, Gonzalez's application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) will be granted.

Although the Court expects that Gonzalez will be deported, in the event that he remains in the United States, upon release he will begin serving his term of supervised release. The terms and conditions of Gonzalez's supervised release (see Judgment (Dkt. No. 53)) are amended as follows:

1. the first three months of Gonzalez's supervised release term will be served on home confinement, enforced by electronic monitoring, at a location approved by the U.S. Probation Office;

2. Gonzalez is to self-quarantine at the location approved by the U.S. Probation Office for the first fourteen days of his supervised release;

3. during the period of his home confinement, Gonzalez will remain at his approved location except to seek necessary medical care or to meet with his attorney, in each instance with prior notice and approval by the U.S. Probation Office; and

4. in the event that the U.S. Probation Office is not able to implement electronic monitoring immediately upon Gonzalez's release, in the interim Gonzalez will be in daily contact with his U.S. Probation Officer, whether by videoconference or by telephone.

---

[2] An immigration detainer was filed against Gonzalez on July 5, 2013. (PSR (Dkt. No. 44) ¶ 45)

## **CONCLUSION**

For the reasons stated above, Gonzalez's motion for compassionate release is granted.

Dated: New York, New York
February 11, 2021

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge